# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MOSSY VOLKSWAGEN OF ESCONDIDO., et al. <br><br> Defendants. | CASE NO. 16cv988-LAB (RBB) <br><br> **ORDER GRANTING MOTION TO STAY;** <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE REPLY; AND** <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION FOR REMAND** |

This action, which is one of many cases concerning the Volkswagen emissions controversy, was removed from state court. Defendants identified a federal question as the basis for this Court's exercise of jurisdiction. This case is being considered for transfer to the Northern District of California by the Panel on Multidistrict Litigation.[1]

Plaintiff Timothy Howe moved to remand this case to state court. Defendants then moved to stay proceedings pending transfer by the MDL panel. After Plaintiffs filed their opposition to the motion to stay, Defendants moved for leave to file a reply brief.

The remand motion cites a case from the Central District of California, *Rambuski v. Volkswagen Group of America*, as giving rise to either collateral estoppel or res judicata.

---

[1] The MDL docket shows the panel has scheduled a hearing on July 28 concerning the transfer of this and other cases.

Plaintiffs argue that the effect of this decision is to require remand. In that case, the court determined that a substantial federal question was lacking, and issued an order of remand. The Court has reviewed the docket in that case, however, and it appears a motion for reconsideration of the remand order is pending. Because that decision is not yet final, there is no collateral estoppel or res judicata. *See Stein v. Braum Inv. & Development, Inc.*, 244 Fed. Appx. 816, 817 (9th Cir. 2007) (in the absence of a final judgment, there can be no collateral estoppel or res judicata).

Ordinarily, the Court would rule on a motion to remand as soon as feasible. Here, however, the briefing shows Judge Breyer, the MDL transferee judge, has made arrangements to consider and adjudicate a number of remand motions together. Even if the Court were inclined to grant the motion, the interests of uniformity and judicial economy weigh against the Court deciding the issue, unless transfer is denied. In view of this, the motion for remand is **DENIED WITHOUT PREJUDICE**. This decision does not prevent Plaintiffs from renewing their motion either after transfer or if transfer is denied.

Defendants have requested leave to file a brief in reply to Plaintiffs' opposition to the *ex parte* motion to stay. (Docket no. 17.) That request is **GRANTED**, and the reply brief attached as an exhibit to the request is deemed filed. Defendants need not formally file it in the docket.

It appears this case is likely to be transferred, and the Court notes that in related cases a stay has been granted. The motion to stay pending MDL transfer is **GRANTED**. If transfer is denied, the stay will be lifted. Defendants need not reply to the complaint until after the transfer takes place or the stay is lifted. All pending hearings in this case are **VACATED**.

**IT IS SO ORDERED**.

DATED: July 26, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge